*309 The opinion of the Court wás delivered by
Duncan J.
It is unnecessary to decide whether, when the evidencé has been given before arbitrators on a trial under the compulsory arbitration act, and reduced to writing by the attorney of the plaintiff, and" received without objection on such trial, it would not amount to notice of the special matter, within the rules of the Court of Common Pleas, because the evidence was clearly admissible on the plea of payment alone; and it was proof of direct payment, so far as respected the money paid to counsel in defending the ejectment, and the other expenses incurred j for the defendant offered to prove, that the plaintiff’s intestate agreed with the defendant to deduct from the bonds any money that should be paid by the defendant to counsel. It was an order and direction by the plaintiff’s intestate to pay money to others on account of these bonds; and that money so paid should be received as payment of the bonds. The 11th section of the rules of practice of this district, providing that on a plea of payment to a bond or specialty, the defendant may on the trial, in avoidance of the deed, give in evidence, that it was given without any or a good consideration, or obtained by fraud, or by a suggestion of •falsehood, or by a suppression of the truth, but that of all such matters intended to be objected in avoidance of such bonds or specialties, the defendant shall give the plaintiff at least 30 days notice in writing before th^ trial, has no relation to the question. The evidence offered did not go in avoidance of the deed; it was not an offer to prove that the bond was obtained with any or a good consideration, or by fraud, or suggestion of a falsehood or suppression of truth; it was evidence of the direct matter put in issue. Defendant alleges that he has paid; plaintiff denies the payment; the defendant offered to prove his allegation, by shewing money paid on account of the bond, and by order of the plaintiff’s intestate.
Judgment reversed^